Birchard, C. J.,
dissenting. I could for myself find sufficient in the facts and conduct of the parties to justify me in decreeing that the release of the original mortgage should be cancelled in equity. The debt of $19,500 was, in equity and law, a valid lien upon the Stone Mill property, and but for the arrangement that was entered into with H., B. & Co., these respondents could never have received one cent from the avails of that property. They stand then in no better condition than H., B. & Co., as against them, all my brethren would go with me in avoiding the release of that mortgage, but for the sup.posed subsequent ratification by the Cleveland Bank. The acts since done, to my mind, ought to be viewed in reference to 'the condition of things, and the situation and intentions of the parties. The proof is clear that the officers of the Cleveland Bank were dissatisfied with the arrangement made with the Tenth Ward Bank, not that they ratified the conduct of II., B. & Co., in reference to the property. If, then, their conduct ratifies the proceedings and works a satisfaction of the mortgage, it does so contrary to the intention of the parties. Whereas the rule in equity is to consider that as done only, which the parties intended should be done, and which of right ought to have been done. Now in the situation in which the Bank of Cleveland was placed, by the entire failure of the condition upon which the release of their older mortgage was given, and the ten thousand dollars in addition advanced, I can see rea *590 sons abundant why it should struggle to obtain further security, an<^ no necessity attributing in equity to those acts, an object entirely different from actual intention.
This point being ruled against me, I am not disposed to enlarge upon it, or to go into a minute examination of the particular facts and apply to them the well settled legal principles which would seem to sustain my views. Indeed other and important business renders that course impracticable, and I know not that any valuable public object would be advanced by so doing. Taking that point as rightly settled by the majority, against me, and the residue of the conclusions of the Court in the case are such that I can concur with them. Still, were this one point to be held with me, I should work out a final result different in important points from that now arrived at.